UNITED STATES of America, Appellee,

v.

Adrian MONTGOMERY, Appellant.

No. 82–1606.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1983.

Decided June 2, 1983.

Thomas E. Dittmeier, U.S. Atty., Evelyn M. Baker, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Bell, Harris, Kirksey & Thomas, James A. Bell, St. Louis, Mo., for appellant.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Adrian Montgomery appeals from a final judgment entered in the District Court for the Eastern District of Missouri[1] upon a verdict following a bench trial finding him guilty of being a felon[2] in possession of a .22 caliber revolver (Count I) and various other weapons seized during a search of his apartment (Count II) in violation of 18 U.S.C. App. § 1202(a)(1). Appellant alleges that the weapons were unlawfully seized. For the reasons discussed below, we affirm.

The Count I weapon charge arises from the following incident. On January 14, 1982, St. Louis Police Officer Kaelin and his partner stopped appellant for making an unlawful turn while driving his automobile. Officer Kaelin testified that after he requested appellant's driver's license, appellant reached into his pocket and pulled out his license, some keys, and a loaded .22

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

2. Appellant had been convicted of manslaughter in 1974.

caliber revolver. The police officers placed appellant under arrest for unlawful possession of a gun and for the traffic violation. Appellant testified that the officers seized the gun from a locked glove compartment while searching the interior of the automobile. The trial court credited the police officers' testimony that the gun was seized in plain view during the course of a lawful traffic arrest, a finding which we do not disturb. Assessment of credibility of witnesses is for the trier of fact, not for the court of appeals.

The weapons that are the subject of Count II were seized during execution of a state search warrant. On the basis of affidavits from two police officers disclosing that a past, reliable informant had observed drugs and a sawed-off shotgun at appellant's apartment, a state judge issued a search warrant for drugs and a sawed-off shotgun. For a variety of reasons, appellant contends that the search warrant was not issued in accordance with Missouri state law. We, however, do not address appellant's contentions because "[t]he question whether evidence obtained by state officers and used against a defendant in a federal trial was obtained by unreasonable search and seizure is to be judged as if the search and seizure had been made by federal officers." *United States v. Combs,* 672 F.2d 574, 578 (6th Cir.) (citation omitted), *cert. denied,* —— U.S. ——, 102 S.Ct. 3495, 73 L.Ed.2d 1374 (1982). Here, we agree with the district court that probable cause supported the search warrant. The affidavits underlying the search warrant meet the requirements set forth in *Spinelli v. United States,* 393 U.S. 410, 420, 89 S.Ct. 584, 591, 21 L.Ed.2d 637 (1969) and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The affidavits adequately detail the past reliability of the informant and the basis of his information for this particular tip. Furthermore, the weapons and other

items that were not described in the warrant but were seized during the execution of the warrant were in plain view and therefore admissible in appellant's federal trial.[3]

Accordingly, the judgment is affirmed.

---

3. Appellant also challenges the transfer of the weapons from state to federal authorities because of the lack of an "orderly transfer." This argument has no merit. " 'Evidence legally obtained by one police agency may be made available to other such agencies without a warrant, even for a use different from that for which it was originally taken.' " *United States v. Lewis,* 504 F.2d 92, 104 (6th Cir.1974) (citation omitted), *cert. denied,* 421 U.S. 975, 95 S.Ct. 1974, 44 L.Ed.2d 466 (1975).