UNITED STATES of America, Plaintiff,

v.

Michael Francis ENG, and Randy M. Glauser, Defendants.

Crim. A. No. 83–04013–01/02–CR–3.

United States District Court, W.D. Missouri, W.D.

April 24, 1984.

---

Robert Larsen, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

David Russell, Kansas City, Mo., for defendants.

## ORDER DENYING JOINT MOTION TO SUPPRESS EVIDENCE

ELMO B. HUNTER, District Judge.

On November 23, 1983, Defendant Eng filed a motion seeking to suppress the "about" thirteen (13) pounds of marihuana mentioned in Count One of the indictment.

The motion to suppress was referred to Chief Magistrate Calvin K. Hamilton to hear and process. An evidentiary hearing was held before the Chief Magistrate on November 30, 1983. At the commencement of the hearing, the Chief Magistrate permitted Defendant Glauser to orally join in the motion. On January 3, 1984, the Chief Magistrate filed his report containing proposed findings of fact, proposed conclusions of law, and recommendations. The Chief Magistrate recommended that:

1.  The parties file an appropriate motion for continuance of the trial until after the Supreme Court hands down its opinion in *Maine v. Thornton* and *Oliver v. United States*, which were argued November 9, 1983;

2.  The Court defer its ruling on the joint motion to suppress until it has the benefit of reading and analyzing *Maine v. Thornton* and *Oliver v. United States;* and

3.  If the Court determines not to defer ruling on the joint motion to suppress until after the Supreme Court hands down its opinions in *Maine v. Thornton* and *Oliver v. United States*, then it should find that (a) the *Hester* open fields doctrine is still viable, (b) the processing area was not within the curtilage and thus, under the open fields doctrine, not subject to Fourth Amendment protection, and (c) whether the troopers violated state law is irrelevant as the search and seizure is to be judged as if the search and seizure had been made by federal officers, *United States v. Montgomery*, 708 F.2d 343, 344 (8 Cir.1983), and *United States v. Ross*, 713 F.2d 389, 393 (8 Cir.1983), and deny the joint motion to suppress.

There have been no objections filed to the Chief Magistrate's Report and Recommendation.

On January 4, 1984, upon motion of the defendants, the Court entered an order granting an indefinite continuance of the trial of this criminal action pending the Supreme Court handing down its opinions

in *Maine v. Thornton* and *Oliver v. United States*. In the meantime, the Court has deferred its ruling on the joint motion to suppress.

On April 17, 1984, the Supreme Court handed down its consolidated opinion in the above-identified cases. See *Oliver v. United States*, ___ U.S. ___, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984), 34 CrL 3011. The Court, by a 6 to 3 vote, reaffirmed its holding in *Hester v. United States*, 265 U.S. 57, 45 S.Ct. 445, 68 L.Ed. 898 (1924) that the "open fields" doctrine permits police officers to enter and search a field without a warrant. In its opinion in *Oliver*, the Court stated:

> "Nor is the government's intrusion upon an open field a 'search' in the constitutional sense because that intrusion is a trespass at common law. The existence of a property right is but one element in determining whether expectations of privacy are legitimate. ' "[T]he premise that property interests control the right of the Government to search and seize has been discredited." ' *Katz*, 389 U.S., [347] at 353 [88 S.Ct. 507, 512, 19 L.Ed.2d 576] (quoting *Warden v. Hayden*, 387 U.S. 294, 304 [87 S.Ct. 1642, 1648, 18 L.Ed.2d 782] (1967)). '[E]ven a property interest in the premises may not be sufficient to establish a legitimate expectation of privacy with respect to particular items located on the premises or activity conducted thereon.' *Rakas v. Illinois*, 439 U.S., [128] at 144 n. 12, [99 S.Ct. 421, 430–31 n. 12, 58 L.Ed.2d 387].
> The common law may guide consideration of what areas are protected by the Fourth Amendment search by defining areas whose invasion by others is wrongful. Id., at 153 (POWELL, J., concurring). The law of trespass, however, forbids intrusions upon land that the Fourth Amendment would not proscribe. For trespass law extends to instances where the exercise of the right to exclude vindicates no legitimate privacy interest. Thus, in the case of open fields, the general rights of property protected by the common law of trespass have little or no relevance to the applicability of the Fourth Amendment." 35 CrL, at 3012–3013.

The Court has made a de novo review of the pleadings and the transcript of the evidentiary hearing before the Chief Magistrate and hereby adopts the Chief Magistrate's proposed findings of fact and conclusions set out in his report as findings and conclusions of the Court.

The Court further adopts the suggestions of the Chief Magistrate as findings and conclusions of the Court that:

1. The processing area where the arrest was made and the "about" thirteen (13) pounds of marihuana were seized was not within the curtilage because (a) the processing area was situated in a wooded area, (b) the processing area was situated approximately 350 to 375 yards from the basement house and approximately 100 to 125 yards from the shed, (c) the area between the shed and processing area was bare of structures or fences, and (d) there was no indication of domestic use and enjoyment of the processing area; and

2. The question of whether the marihuana seized by the state troopers was obtained by unreasonable search and seizure is to be judged as if the search had been made by federal officers; therefore, whether the state troopers violated state law is not relevant. *United States v. Montgomery*, supra; *United States v. Ross*, supra.

It is

ORDERED that the joint motion of the defendants to suppress the about thirteen (13) pounds of marihuana mentioned in Count One of the indictment be, and the same is hereby, denied.