**UNITED STATES of America, Appellee,**

v.

**Michael Francis ENG, Appellant.**

**No. 84–1907.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1985.

Decided Jan. 30, 1985.

David W. Russell, Kansas City, Mo., for appellant.

Robert E. Larsen, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

HEANEY, Circuit Judge.

Michael Francis Eng appeals from his conviction of possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1982). Eng contends the district court [1] erred when it denied his motion to suppress evidence seized from his farm by two troopers of the Missouri State Highway Patrol because: (1) the troopers did not have a search warrant and the area in which the evidence was seized falls within the curtilage of his residence and is not an open field; and (2) the troopers were with-

---

1. Honorable Elmo B. Hunter, Senior District Judge, Western District of Missouri. 584 F.Supp. 458.

out state authorization to seize evidence beyond the jurisdiction of the state highways. Eng also contends that the district court committed plain error by failing to rule *sua sponte* that the evidence of possession of marijuana with intent to distribute was insufficient to support the jury's verdict. We affirm.

## I. FACTS.

In September, 1983, a Missouri State Highway Patrol trooper received information from a confidential source that marijuana was being cultivated on Michael Francis Eng's farm. On September 29, 1983, a Highway Patrol trooper and a detective from the Boone County Sheriff's Department set up surveillance on the Eng residence. The officers watched two unidentified white males leave the residence and drive to a wooded area to the rear of the property some 400 yards from the residence. The officers then left. On October 3, 1983, two Highway Patrol troopers returned, without a warrant, to the Eng farm where they came upon a marijuana patch located at the rear of the farm approximately 325 yards from the Eng residence. The troopers followed a path from the patch into the woods where they discovered a marijuana processing area approximately 400 yards from Eng's residence and, approximately 100 to 125 yards from the nearest building, a small shed. At this processing area, there were numerous marijuana plants, three large piles of marijuana plant stems, cultivating tools, drying racks, storage containers, and what turned out to be "about" thirteen pounds of dried marijuana buds. The officers then waited in surveillance until Eng and a companion arrived at the processing area and began cutting buds from the marijuana stems. The officers arrested Eng and his companion, and seized the marijuana and cultivation equipment. One of the troopers weighed the marijuana and had the evidence analyzed by a forensic chemist, who determined that the substance was marijuana and that the cultivation tools were covered with marijuana residue. The state troopers retained some of the marijuana but destroyed the bulk of it.

On November 3, a federal grand jury for the Western District of Missouri indicted Eng and his companion on two counts of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1982). Count one charged both defendants with possessing thirteen pounds of marijuana with intent to distribute, and count two charged Eng with possessing with intent to distribute 157 pounds of marijuana, which was seized from his residence pursuant to a search warrant.

With respect to count two, the district court granted Eng's motion to suppress evidence of the 157 pounds of marijuana and related evidence seized from the residence pursuant to a search warrant, and the government does not appeal this ruling. With respect to count one, the court denied the motion to suppress the evidence of the thirteen pounds of marijuana and cultivation and processing equipment seized from the marijuana patch and processing area. The court based this denial on the magistrate's finding that no warrant was required for the search of the marijuana patch and processing area because these areas were "open fields" not within the "curtilage" of Eng's residence as set forth in *Oliver v. United States*, — U.S. —, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). The court also adopted the magistrate's finding that it was irrelevant whether the state highway patrol troopers were without authority, under Mo.Stat. § 43.200 (Supp. 1984), to make the search of the field because under *United States v. Montgomery*, 708 F.2d 343 (8th Cir.1983), and *United States v. Ross*, 713 F.2d 389 (8th Cir.1983), the propriety of the search and seizure is to be judged as if it had been made by federal officers.

A trial on count one of the indictment was held, and the jury returned a verdict of guilty. Eng appeals.

## II. DISCUSSION.

Eng's first argument is that the district court should have suppressed the evidence seized by the Missouri State Highway Patrol troopers because the troopers did not

have a search warrant and the area in which the evidence was seized falls within the curtilage of the defendant's residence and is not an open field.

On April 17, 1984, in *Oliver v. United States,* —— U.S. ——, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984), the Supreme Court reaffirmed that the open fields doctrine permits police officers to enter and search, without a warrant, an open field which is not within the curtilage of the defendant's home. The Court gave little guidance on the distinction between an open field and the curtilage other than indicating that the curtilage is "the area around the home to which the activity of home life extends." *Id.,* —— U.S. ——, 104 S.Ct. at 1343 n. 12, and that this area is determined "by reference to the factors that determine whether an individual reasonably may expect that an area immediately adjacent to the home will remain private." *Id.,* —— U.S. ——, 104 S.Ct. at 1743.

This court has defined the curtilage by looking at the facts of the case including the proximity of the searched area to the dwelling, the inclusion of the area within the general enclosure surrounding the dwelling, and the use of the area by the inhabitants. *United States v. Biondich,* 652 F.2d 743, 745 (8th Cir.), *cert. denied,* 454 U.S. 975, 102 S.Ct. 527, 70 L.Ed.2d 395 (1982); *McDowell v. United States,* 383 F.2d 599, 603 (8th Cir.1967).

■ We agree with the district court that the marijuana patch and processing area where Eng was arrested and the "about" thirteen pounds of marijuana and related evidence were seized was not within the curtilage of Eng's home because the marijuana patch was approximately 325 yards from Eng's residence and visible from the nearest road, the processing area was nearly 400 yards from Eng's home and more than 100 yards away from the nearest structure (a small shed), because the area between the shed and the processing area was bare of structures or fences, and because there was no indication of domestic use and enjoyment of the marijuana patch or processing area.

Eng's second argument is that the district court should have suppressed the evidence seized by the State Highway Patrol troopers from his marijuana processing area because, under Mo.Rev.Stat. § 43.200 (Supp.1984), the troopers lacked authority to search for or seize evidence beyond the jurisdiction of the state highways, and because, under principles of comity, this Court should follow the state's rule. The district court rejected this argument on the ground that under the law of this Circuit, in a federal trial, the legality of a search and seizure by state officers is to be judged as if it had been made by federal officers. *United States v. Ross,* 713 F.2d 389, 393 n. 7 (8th Cir.1983); *United States v. Montgomery,* 708 F.2d 343, 344 (8th Cir.1983).

Eng argues that *Ross* and *Montgomery* are distinguishable because they did not address the situation allegedly present here where a state officer was acting in direct contravention of a state restriction on authority. The government argues that this distinction is not valid, but argues that, in any event, the State Highway Patrol troopers were not acting in contravention of state law.

■ We need not reach the question whether the search and seizure did violate state law because we find that the district court's ruling is not clearly erroneous. *United States v. Ross,* 713 F.2d at 392. Although it may be that under some circumstances a federal court, under principles of comity, should uphold a suppression motion in a federal trial on the ground the evidence was seized by state officers who acted in violation of state law, *see United States v. Henderson,* 721 F.2d 662, 665 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2665, 81 L.Ed.2d 370 (1984), we find that the district court properly relied on *Ross* and *Montgomery* in applying federal law and denying the suppression motion in this case.

■ Eng's final argument is that the evidence is insufficient to support the jury's verdict of guilty of possession of marijuana with intent to distribute because

the evidence only shows that he is guilty of simple possession. In reviewing a criminal conviction, we view the evidence in the light most favorable to the government, and will affirm the conviction if supported by substantial evidence. *United States v. Caspers,* 736 F.2d 1246, 1249 (8th Cir.1984). Intent to distribute may be established by circumstantial evidence, including possession of a large quantity of the controlled substance. *United States v. Franklin,* 728 F.2d 994, 998 (8th Cir.1984). However, proof of possession of a small amount of a controlled substance, standing alone, is an insufficient basis from which an intent to distribute may be inferred. *Id.* at 999.

 Eng argues that the mere fact that he had marijuana growing on his farm, and that "about" thirteen pounds of marijuana buds [2] were found at his processing area does not establish beyond a reasonable doubt that he had the specific intent to distribute the marijuana as required by 21 U.S.C. § 841(a)(1) (1982). However, in addition to the evidence demonstrating that Eng had in his possession about thirteen pounds of dried marijuana buds, the jury had before it the marijuana residue-covered cultivation tools, and several photographs of Eng's marijuana patch and processing area which revealed that Eng had grown and harvested a much larger quantity of marijuana. These photographs depicted a large marijuana patch with all but one plant harvested, thirty-five large marijuana plants drying on lines strung between trees, three very large piles of trimmed marijuana stalks, two garbage cans filled with dried marijuana buds, and equipment used to cut and dry the marijuana buds. The harvesting of this quantity of marijuana is inconsistent with Eng's personal use claim. Considered along with his arrest at the processing area located on his property,

and the testimony of the state troopers who conducted the search, substantial evidence supports the jury's verdict of guilty of possessing marijuana with intent to distribute.

Affirmed.

2. Eng suggests that there was insufficient proof that the marijuana seized weighed thirteen pounds because the Missouri State Highway Patrol destroyed the bulk of the marijuana after weighing it. We reject this contention although we agree that it would have been better practice in this case to retain the marijuana until after trial, considering that the total amount was cru-

cial to the intent to distribute issue and was not so large as to be overly burdensome and unnecessary to retain. At trial, the State Highway Patrol officer testified that he weighed the marijuana on a certified scale, and photos were taken of the marijuana which reveal a large quantity of marijuana buds.