DAUKSCH, Judge.
This is an appeal from a judgment ordering the Department of Highway Safety to return to the appellees, Coleman and Williams, money seized by a highway patrol trooper.
The patrolman observed Coleman driving a car on the interstate highway and because he and Williams fit that patrolman’s drug courier profile a stop was made. The patrolman testified that although Coleman had not broken any law he stopped him because in his experience persons who fit the profile sometimes carried drugs. The profile devised by the patrolman was similar to the one discussed in United States v. Smith, 799 F.2d 704 (11th Cir.1986). The same patrolman is involved in both cases.
In this case the Department says the profile consisted of:
1) a late model vehicle;
2) Florida rental tags;
3) two occupants observed initially in the vehicle;
4) the driver appeared to be male;
5) the driver appeared to be approximately 35 years of age;
6) the vehicle was traveling northbound on Interstate 95, a route frequently used by drug couriers;
7) the vehicle was traveling in the evening in an extremely cautious manner;
8) the driver did not look at the trooper as the Appellees’ vehicle passed the patrol car.
In Smith the profile was:
The car was travelling 50 miles per hour. The car was occupied by two individuals who were approximately thirty years of age.
The car displayed out of state tags. The driver appeared to be driving overly cautious and did not look in our direction as he proceeded past us. The car was traveling at 3:00 o’clock in the morning.
Id., at 706.
Regarding this federal constitutional issue, the federal court has spoken by way of dictum in Smith. The court of appeals said the profile made up by this patrolman did not establish any more than the “unparticularized suspicion or ‘hunch’ ” condemned by the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889, 909 (1968). Article I, Section 12 of the Florida Constitution requires all courts of this state to construe fourth amendment rights in conformity with the decisions of the United States Supreme Court. Terry allows police stops only where the officer has a reasonable suspicion that the detainee either is committing, has committed or is about to commit a crime. The drug courier profile used in this case is too general and unpar-ticularized to support a Terry stop, so says *670 the federal appeals court. We agree. Perhaps over time and with more experience an adequate, particularized profile can be established to assist the state in identifying with more definiteness the illegal-drug mules on our highways. Drug courier and other criminal profiles are not per se invalid and some have been upheld. U.S. v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985); Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); U.S. v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981) cert, den., 455 U.S. 923, 102 S.Ct. 1281, 71 L.Ed.2d 464 (1982).
Because the money seized is not contraband per se the Department is bound to return it to the persons from whom it was taken.
AFFIRMED.
UPCHURCH, C.J., and COWART, J., concur.