**UNITED STATES of America, Appellee,**

v.

**Ronald Foster JACOBS, Appellant.**

**No. 92–2170.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1992.

Decided March 1, 1993.

Clemens A. Erdahl, Iowa City, Iowa (argued), for appellant.

Clifford D. Wendel, Asst. U.S. Atty., Des Moines, Iowa, argued (Gene W. Shepard, U.S. Atty., and Ronald M. Kayser, Narcotics Prosecution Div., on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

The defendant appeals from his conviction under 21 U.S.C. § 841(a)(1) for possession with intent to distribute cocaine. The basis for this conviction was laid when Iowa City Police Officer Michael Brotherton received a tip from a Phoenix, Arizona, police officer that a Federal Express package addressed to the defendant appeared to be suspicious. After obtaining a search warrant, a team of officers from the Johnson County Multi-jurisdictional Task Force (an Iowa drug-interdiction unit) opened the package at the Federal Express office in Iowa City. After finding that the package contained drugs, the officers resealed the package and delivered it to the defendant at his residence. Shortly thereafter, the officers executed a second search warrant at the residence and took the defendant into custody.

The defendant was charged with possession with intent to distribute cocaine, as well as several firearms offenses. At a pre-trial suppression hearing, and again during trial, the defendant attempted to exclude the evidence found in the Federal Express package and in his residence on the ground that it was the fruit of an illegal search. The District Court overruled the defendant's objection, and a jury found him guilty of the drug offense.

On appeal, the defendant raises several arguments challenging the search of the Federal Express package. Initially, he asserts that a canine sniff conducted at the Federal Express office violated his Fourth Amendment rights because the police did not have a reasonable, articulable suspicion that the package contained drugs. In addition, the defendant, relying upon *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), claims that Officer Brotherton included a deliberate falsehood and deliberately omitted relevant information in his warrant application. Finally, the defendant argues that his Fourth Amendment rights were violated when the police failed to inform the magistrate judge that a second canine sniff had yielded negative results.

## I.

The focus of this appeal arises out of events occurring on November 20 and 21, 1991. On the evening of November 20, 1991, Officer Brotherton and another police officer received a tip from Officer Billingsley in Phoenix, Arizona. He told the officers that a package being shipped to the defendant via Federal Express was suspicious. Specifically, Billingsley told Brotherton that the well-wrapped, three-pound package was delivered to the Federal Express office just before the company shipped its packages, by a person (other

than the sender) who did not know the local zip code. In addition, the cost of mailing was paid in cash. On the basis of this information, as well as Brotherton's allegation that the defendant was involved in the distribution of drugs, the Iowa City police decided to examine the package, and if it was indeed suspicious, to obtain a search warrant and open it.

On the morning of November 21, 1991, the Task Force split into two groups. Officer Brotherton took a warrant application and went to a magistrate judge's office. The remainder of the group proceeded to the Iowa City Federal Express office to intercept the package and conduct a canine sniff. Officer Brotherton maintained contact with this group via a cellular telephone.

At the Federal Express office, six to eight packages, including the package addressed to the defendant, were isolated in a room. The police then brought in a drug dog, "Turbo," to conduct a canine sniff. "Turbo" examined all of the packages and showed an interest in the defendant's package by pushing it around with his nose and scratching it twice. This action did not amount to an official "alert," however, so the dog's handler was not sure that the package contained drugs. Officer Henderson, a Task Force member at the Federal Express office, called Brotherton in the magistrate judge's chambers to relay this information. He told Brotherton that "the dog had showed an interest in the package, but had not given a full alert to the package." Suppression Hearing Tr. 39. Brotherton then typed on the warrant application that "the Johnson County Drug Dog, 'Turbo' was presented with 8 different packages including the package being sent to Ron Jacobs. The Canine exhibited an *interest* in only that particular package addressed to Ron Jacobs." Appellant's Add. 3.

After Henderson's call, the police requested that a second dog examine the package. This dog failed to alert or show an interest in the defendant's package. In a second phone call to Brotherton, Officer Henderson learned that the warrant had already been issued. Henderson informed Brotherton that a second dog had arrived, and that the team was going to wait for this dog to conduct a sniff before executing the warrant. Neither the magistrate judge or, apparently, Officer Brotherton was informed of the results of the second sniff.

After receiving the search warrant, the Task Force, despite the results of the second sniff, decided to open the package. Upon opening the package, the police discovered cocaine. They then rewrapped the package and delivered it to the defendant's residence. Approximately fifteen minutes after this delivery, the police executed a second search warrant at the defendant's residence. There, the police found the Federal Express package, additional quantities of drugs, several guns, drug paraphernalia, and a large sum of money.

The defendant's primary argument on appeal is that the police violated the Supreme Court's holding in *Franks v. Delaware, supra,* by their actions in obtaining the search warrant.[1] The defendant's attack under *Franks* is two-fold: (1) that by including and emphasizing the word "interest" in the warrant application, the police told a deliberate falsehood; and (2) that by failing to include Henderson's statement that "Turbo" had not alerted to the package, Brotherton deliberately omitted vital information necessary to the magistrate judge's determination of probable cause. In addition, the defendant also asserts that the officers' failure to notify Brotherton and the magistrate judge of the results of the second canine sniff rendered the search warrant affidavit misleading in violation of *Franks.*

## II.

■ Under *Franks v. Delaware,* if a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with

---

1. We need not rule on the defendant's claim that the police lacked a reasonable, articulable suspicion to conduct the canine sniff. Our holding that the warrant authorizing the opening of the package was invalid is fully dispositive of the motion to suppress.

reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false materials set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676 (1978). We have applied this rationale to cover material that has been deliberately or recklessly omitted from a search-warrant affidavit. See *United States v. Reivich*, 793 F.2d 957, 960 (8th Cir.1986). In *Reivich* this Court held that the defendant "had to show (1) that the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading, ... and (2) that the affidavit if supplemented by the omitted information would not have been sufficient to support a finding of probable cause." *Id.* at 961 (citations omitted).

■ As support for his argument that the police included a deliberate falsehood in the warrant application, the defendant points to Brotherton's statement that "the Canine exhibited an *interest* in only that particular package addressed to Ron Jacobs." Appellant's Add. 3 (emphasis in original). The defendant argues that by underlining "interest," Brotherton was attempting to mislead the magistrate judge by emphasizing the word in such a fashion as to equate it with the term of art "alert." As the testimony at trial indicated, "Turbo" did not "alert" to the package, as it was trained to do if drugs were present. As a result, the dog's handler could not say with certainty that drugs were present. The defendant argues that Brotherton was attempting to brush over this fact by emphasizing the word "interest" in a manner

designed to influence the magistrate judge's thinking. We disagree.

While the defendant's interpretation of these actions is plausible, we find it equally likely that by underlining the word "interest," Officer Brotherton was indicating, at least to some readers, that an alert did not occur. He could have been attempting to show the magistrate judge that, while the dog was attracted to the package, it did not give the response it was trained to give in the presence of drugs. In any event, we will not engage in speculation about the officer's intention in underlining the word "interest." Suffice it to say that this issue could be resolved equally well in favor of the police as in favor of the defendant.

### III.

The defendant's argument that the police violated *Franks* by omitting key information from the warrant application is more forceful. First, he argues that by omitting "Turbo's" failure to alert, Officer Brotherton was deliberately misleading the magistrate judge. Secondly, the defendant argues that the failure to notify Brotherton and the magistrate judge that the second canine sniff was negative further violated *Franks* by depriving the magistrate judge of key information necessary to a determination of probable cause.

■ Officer Brotherton correctly informed the magistrate judge that the dog had shown an interest in the Jacobs package, but neglected to include Henderson's statement that no alert had occurred. In order for this omission to be a violation of *Franks* and *Reivich*, the defendant must make two showings. The first is a showing that the police omitted the information with the intent to make, or in reckless disregard of whether they made, the affidavit misleading. *Reivich*, 793 F.2d at 961; *United States v. Lueth*, 807 F.2d 719, 726 (8th Cir.1986). In the present case, "Turbo's" failure to alert was omitted from the affidavit. Because of the highly relevant nature of the omitted information, we hold the omission occurred at least with reckless disregard of its effect upon the affidavit.

Brotherton knew that the dog had failed to alert to the box before he submitted the affidavit to the magistrate judge, yet he did not include this information. Any reasonable person would have known that this was the kind of thing the judge would wish to know.

Under *Reivich*, the failure to include the information and a reckless disregard for its consequences may be inferred from the fact that the information was omitted. However, in order for this inference to be valid, the defendant must show that the omitted material would be " 'clearly critical' to the finding of probable cause." 793 F.2d at 961 (quoting *United States v. Martin*, 615 F.2d 318, 328 (5th Cir.1980)). The omission of the fact that the dog failed to alert to the package satisfies this criterion.

Having shown that relevant information was recklessly omitted from the warrant application, Jacobs must further show that the affidavit, if supplemented with the omitted information, would not be sufficient to support a finding of probable cause. *Reivich*, 793 F.2d at 961; *Lueth*, 807 F.2d at 727. "*[O]nly* if the affidavit as supplemented by the omitted material *could not* have supported the existence of probable cause" will suppression be warranted. *Lueth*, 807 F.2d at 726.

In this case, if the warrant application were reworked to include the omitted phrase, it would read something like this: "The dog had showed an interest in the [defendant's] package, but had not given a full alert to the package." Testimony of Detective Henderson, Suppression Hearing Tr. 39. We hold that such an application, on its face, would not support probable cause. The evidence in support of probable cause would be limited to the information that Officer Brotherton received from Officer Billingsley in Phoenix, plus the fact that the dog had shown an interest in the package, but had not alerted to it. Without an alert, the police clearly lacked the probable cause necessary to open the package. While the information received from Officer Billingsley, *plus* the fact that the dog showed an interest in the package, might have provided reasonable suspicion that it

contained contraband, more is needed to overcome the defendant's Fourth Amendment right to privacy in its contents. In this case, the failure to inform the magistrate judge that the dog had not given its trained response when confronted with a package containing drugs, coupled with the dog handler's admission that he could not say with certainty that drugs were in the package, causes us to hold that the warrant would not have been supported by probable cause, if the omitted material had been included.

### IV.

■ In an effort to protect the admission of this evidence, the government argues that the actions of the police should be excused under the objective-reasonableness exception of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). This argument fails for two reasons. First, under *Leon*, a *Franks* violation is not excused. *Id.* at 914 & n. 12, 923, 104 S.Ct. at 3416 & n. 12, 3420. Second, even if the violation of *Franks* could be protected under *Leon*, we could not find that the officers acted reasonably when they executed this warrant. At the time the warrant was executed, not only did the officers know that "Turbo" had failed to alert to the package, they were also aware that a second dog called in to verify this conclusion had not even shown the amount of interest that "Turbo" exhibited. Nevertheless, the officers executed the warrant, ignoring the obvious negative finding obtained during the second sniff. This is indefensible. Not only was the warrant deficient under *Franks*, this further information should have alerted the officers that they lacked probable cause to examine the package. Furthermore, we think the officers had a duty to provide the magistrate judge with any information which would undercut the warrant's validity. The officers could not simply rest on a warrant they had already received when this information came to light. We feel confident that if the magistrate judge had been aware of the full scope of the investigation, the application for a warrant would not have been granted. The facts sur-

rounding the second sniff, if not sufficient to invalidate the warrant (already invalidated, anyway, without reference to the second sniff), are clearly sufficient to negative any "good faith" defense, in the *Leon* sense.

The judgment of the District Court is reversed, and the cause remanded for further proceedings consistent with this opinion.