# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-2467

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| Kent Hazelrigg, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: March 17, 2011
Filed: July 14, 2011

_____

Before SMITH, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kent Hazelrigg appeals his jury conviction and sentence for conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. The district court[1] sentenced Hazelrigg to 100 months' (8 years, 4 months) imprisonment. Hazelrigg appeals the denial of his motion to suppress, challenges the sufficiency of the evidence, and contends his sentence is unreasonable. We reject these claims and affirm.

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

A.    Motion to Suppress

"This Court reviews factual findings underlying the district court's denial of a motion to suppress for clear error and the question of whether the Fourth Amendment has been violated de novo." *United States v. McMullin*, 576 F.3d 810, 814 (8th Cir. 2009).

Probable cause to issue a search warrant exists when an affidavit sets forth sufficient facts to justify a prudent person in the belief that contraband will be found in a particular place. *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir. 1986). A facially sufficient affidavit offered in support of a warrant application may be challenged on the ground that it includes deliberate or reckless falsehoods or omissions. *Id.* at 960. In *United States v. Jacobs*, this court explained that in order to successfully challenge a warrant on the basis of omitted information, a defendant must show (1) police omitted the information with the intent to make, or in reckless disregard of whether they made, the affidavit misleading; and (2) inclusion of the omitted material would not have been sufficient to support a finding of probable cause. 986 F.2d 1231, 1234 (8th Cir. 1993) (quotation omitted). In *Jacobs*, this court held an affidavit's failure to include the fact that a drug dog did not alert to a package constituted the reckless omission of "clearly critical" information. *Id.* at 1235.

Hazelrigg contends that Agent Tolsma's affidavit recklessly omitted the fact that Shane Oliver was in jail for 22 days before identifying Hazelrigg as the source of the drugs found in Oliver's car. Hazelrigg asserts this rises to a reckless omission because it did not inform the magistrate judge as to Oliver's veracity and motive in speaking to law enforcement.

We disagree. The affidavit stated that on November 13, 2007, Oliver was in jail and requested to speak with law enforcement about his "current situation." The affidavit informed the magistrate judge that Oliver was currently on parole for Grand

Theft and that he had been out of prison for two years. The affidavit explained that Oliver was arrested for theft on October 22, 2007, that drugs were found in his car, and that Oliver stated the drugs belonged to Hazelrigg. We conclude this information provided sufficient detail for the magistrate judge to consider Oliver's veracity and motive in identifying Hazelrigg as the owner of the drugs found in Oliver's car.

Hazelrigg also contends the affidavit recklessly omitted relevant information from a transcribed phone call between himself and Oliver. We disagree. Although the affidavit relates very little of the transcript, it does not recklessly disregard relevant information. Most of the telephone call consists of Hazelrigg and Oliver discussing a house on which the two were working. The portions relevant to drugs were included in the affidavit and do not materially misstate the conversation between Hazelrigg and Oliver. Accordingly, we affirm the denial of Hazelrigg's motion to suppress.

B.    Sufficiency of the Evidence

In considering challenges to the sufficiency of the evidence, this court reviews the record in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the verdict. *United States v. Winston*, 456 F.3d 861, 866 (8th Cir. 2006). This court affirms if the evidence is sufficient to prove the elements of a crime beyond a reasonable doubt. *United States v. Lopez*, 443 F.3d 1026, 1030 (8th Cir. 2006) (en banc).

To convict Hazelrigg of conspiracy to distribute methamphetamine, the government needed to prove (1) the existence of a conspiracy; (2) that Hazelrigg knew of the conspiracy; and (3) he intentionally joined the conspiracy. *See United States v. Alexander*, 408 F.3d 1003, 1008 (8th Cir. 2005). "Proof of a defendant's involvement in a conspiracy may of course be demonstrated by direct or

circumstantial evidence." *Lopez*, 443 F.3d at 1030. An agreement need not be express and may consist "of merely a tacit understanding." *United States v. Crossland*, 301 F.3d 907, 913 (8th Cir. 2002). But a mere sales agreement between a buyer and seller does not constitute a conspiracy. *United States v. Jensen*, 141 F.3d 830, 833 (8th Cir. 1998).

Hazelrigg argues that the government presented no evidence that he joined in an agreement. At most, he asserts, the evidence established possession, a buyer-seller arrangement, that he maintained a residence where drugs were ingested, and associated with people who bought, sold, and used illegal drugs. He discounts Alicia Herrick's testimony on behalf of the government as that of a "self professed liar."[2]

After carefully reviewing the evidence in the light most favorable to the verdict, we conclude a reasonable jury could find beyond a reasonable doubt that Hazelrigg conspired to distribute methamphetamine. Herrick's testimony established a conspiracy beginning in late 2007 that initially involved herself, Eric Johnson, and Shaun Huckaby. She later met Hazelrigg through Huckaby and observed one drug exchange between the two. Although she testified she never witnessed Johnson sell methamphetamine to Hazelrigg, on one occasion she went with Hazelrigg to a truck stop to meet Johnson and afterwards observed Hazelrigg with two ounces of methamphetamine. She then observed Hazelrigg give some of that methamphetamine to another individual. Around Christmas 2007, Herrick contacted Hazelrigg when Johnson was unavailable and obtained two eightballs of methamphetamine. In early 2008, Herrick again contacted Hazelrigg instead of Johnson when she sought to obtain three eightballs of methamphetamine for an individual from North Dakota.

---

[2] To the extent Hazelrigg assails Herrick's credibility, we reject that argument. *See United States v. Vickers*, 528 F.3d 1116, 1120 (8th Cir. 2008) (stating credibility determinations are "virtually unassailable on appeal"); *United States v. Delpit*, 94 F.3d 1134, 1152 (8th Cir. 1996) ("[I]t is the jury's business whom it chooses to believe.").

We conclude that Herrick's testimony, in addition to Tolsma's testimony regarding owe sheets, scales, and other seized contraband, was sufficient for a reasonable jury to conclude Hazelrigg conspired to distribute methamphetamine. *See United States v. Donnell*, 596 F.3d 913, 924 (8th Cir. 2010) (rejecting mere buyer-seller agreement where the evidence showed multiple transactions involving large amounts of drugs); *Delpit*, 94 F.3d at 1152 (stating a series of drug deals for resale can prove a conspiracy to distribute).

C.    Sentence

We consider the substantive reasonableness of a sentence imposed under an abuse-of-discretion standard. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A district court abuses its discretion when it (1) "fails to consider a relevant factor that should have received significant weight"; (2) "gives significant weight to an improper or irrelevant factor"; or (3) "considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009).

Hazelrigg contends his 100-month sentence is unreasonable in light of the sentences imposed on his co-conspirators.[3] He asserts the district court gave "short shrift" to the 18 U.S.C. § 3553(a) factors as well as to testimony and letters on his behalf that described his industriousness, talents, and charitable works.

At sentencing, the court denied Hazelrigg's motion for a downward variance, explaining that although his role was similar to co-conspirators Huckaby and Bickle, they pleaded guilty and did not commit perjury at trial. As for the section 3553(a) factors, the court considered this a serious offense. The court recognized that

---

[3]The district court determined that Hazelrigg's guideline range was 87 to 108 months' imprisonment. Hazelrigg does not challenge this determination.

Hazelrigg held a steady job, was described as reliable, a man of honor, and possessed several other good character traits. But the court also explained that Hazelrigg attempted to threaten and intimidate a witness. We conclude the district court sufficiently explained how the 18 U.S.C. § 3553(a) factors informed its sentencing decision and as such did not abuse its discretion.

The judgment of the district court is affirmed.

_____