NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1825
_____

UNITED STATES OF AMERICA

v.

JAMES DENNIS,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 2-10-cr-00233-001
(Honorable Gene E.K. Pratter)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2013

Before:  SCIRICA, JORDAN, and ROTH, *Circuit Judges.*

(Filed: June 10, 2013)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

James Dennis appeals the District Court's orders denying his motions to

suppress physical evidence obtained from a search of his car and to withdraw his guilty

plea for possession of 500 grams or more of cocaine with intent to distribute. We will

affirm.

I.

In August 2009, the Drug Enforcement Administration ("DEA") intercepted phone calls between Dennis and A.G., a known drug dealer they were investigating, in which the two men negotiated a drug buy.[1] Dennis and A.G. agreed to meet at a predetermined time and location in Philadelphia, Pennsylvania. DEA agents surveilled this location at the designated time and observed Dennis arrive in a gold Chevrolet Tahoe. A.G. and another man entered Dennis's waiting car. Approximately fifteen minutes later, the two men exited and Dennis drove away.

The DEA agents informed Pennsylvania state police of the suspected drug sale and requested that state troopers intercept Dennis. Specifically, the DEA agents told the state police that the driver of the gold Chevrolet Tahoe had just met with the target of a wiretap drug trafficking investigation and had purchased 500 grams of cocaine that could be found in the vehicle. The DEA agents asked the police to develop an independent basis for stopping Dennis in order to conceal their ongoing investigation of A.G.

Based on the DEA's tip, Pennsylvania state troopers located Dennis's car and pulled him over for suspected violations of the Pennsylvania motor vehicle code.[2] A field sobriety test indicated that Dennis was not intoxicated; a pat-down revealed no contraband; and a background check revealed several prior drug convictions, but no open

---

[1] The calls were intercepted through a court-authorized wiretap of A.G.'s phone.
[2] Prior to pulling Dennis over, the troopers noted that his car had heavily tinted windows—a possible violation of the Pennsylvania motor vehicle code. The troopers

2

warrants. The troopers noted that Dennis's car smelled strongly of air freshener, which can be used to mask the scent of narcotics. Dennis declined the troopers' request to search his vehicle and a canine unit was called to the scene, which arrived approximately an hour later. After the dog failed to alert, the troopers told Dennis he was free to leave, but that his car would be seized because they suspected it contained contraband. Subsequently, the troopers obtained a warrant to search Dennis's car. A search uncovered a manila envelope containing approximately 500 grams of cocaine.

Dennis was indicted for possession of 500 grams or more of cocaine with intent to distribute (21 U.S.C. § 841(a)(1)). The District Court denied Dennis's motion to suppress the physical evidence obtained from the search of his car, finding that the state police had probable cause to conduct a warrantless search based on the information provided by the DEA agents. On March 1, 2011, one day after his motion to suppress was denied, Dennis entered into a plea agreement in which he pled guilty to possession of 500 grams or more of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

On November 1, 2011, Dennis moved to withdraw his guilty plea, asserting that his plea was not knowing, intelligent, and voluntary and that his prior counsel misled him into pleading guilty.[3] The District Court denied Dennis's motion to withdraw his guilty

---

also observed the car weaving within its lane—a possible indication of an intoxicated driver.

[3] Several weeks after entering his guilty plea, Dennis wrote to the District Court asking to withdraw his guilty plea due to ineffective assistance of counsel. The attorney who represented Dennis at his guilty plea hearing then moved to withdraw as counsel. The

plea and sentenced him to 180 months of imprisonment, 8 years of supervised release, a fine of $2500, and a special assessment of $100. Dennis timely appeals the District Court's denial of his motions to suppress the evidence obtained from the search of his car and to withdraw his guilty plea. Dennis's plea agreement preserved his right to appeal the denial of his motion to suppress.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion to suppress "for clear error as to the underlying factual findings and exercise[] plenary review of the District Court's application of the law to those facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002) (citing *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998)). We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Martinez*, 785 F.2d 111, 113 (3d Cir. 1986) (citations omitted).

## III.

We agree with the District Court that the DEA's tip was sufficient to provide the state police with probable cause to conduct a warrantless search of Dennis's car after they had impounded it.[4]

"The automobile exception to the warrant requirement permits law enforcement to

---

District Court granted the motion and appointed new counsel, who represented Dennis on his motion to withdraw his guilty plea.

[4] Because the warrantless search was supported by probable cause, we will not address the propriety of the search warrant. *See, e.g.*, *United States v. Martinez*, 78 F.3d 399, 400-01 (8th Cir. 1996) (upholding an automobile search supported by probable cause, notwithstanding any potential deficiencies in warrant obtained by officers).

seize and search an automobile without a warrant if 'probable cause exists to believe it contains contraband.'" *United States v. Burton*, 288 F.3d 91, 100 (3d Cir. 2002) (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)). The police's authority to conduct such a search adheres even if the automobile has been seized and immobilized at the stationhouse, provided the police had probable cause to search when they initially stopped the vehicle. *See Chambers v. Maroney*, 399 U.S. 42, 51-52 (1970) (upholding the warrantless search of a car secured at a police stationhouse where police had probable cause to search the car when they initially stopped it); *see also California v. Acevedo*, 500 U.S. 565, 570 (1991) ("Following *Chambers*, if the police have probable cause to justify a warrantless seizure of an automobile on a public roadway, they may conduct either an immediate or a delayed search of the vehicle.").

Probable cause to search requires a "'fair probability that contraband or evidence of a crime will be found in a particular place.'" *Burton*, 288 F.3d at 103 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The officer conducting a search need not personally possess knowledge of the facts giving rise to the probable cause to conduct the search. *See id.* at 99 ("[T]he arresting officer need not possess . . . the facts supporting probable cause, but can instead rely on an instruction to arrest delivered by other officers possessing probable cause.").

Given the facts arising out of the DEA's investigation, probable cause existed to believe that Dennis's car contained contraband. Recorded phone calls revealed Dennis's plan to purchase drugs from A.G., a known drug dealer, at a specific time and location.

DEA agents then observed A.G. enter Dennis's car at the specified time and location. These facts permitted the DEA agents to conclude that A.G. and Dennis had consummated their planned transaction and that drugs were present in Dennis's car— facts which the DEA communicated to the Pennsylvania state police. Thus, the state troopers had probable cause to search Dennis's car.

The trooper's probable cause to search Dennis's car was not vitiated by the drug-sniffing dog's failure to alert. *See United States v. Jodoin*, 672 F.2d 232, 236 (1st Cir. 1982) ("The dog's failure to react does not . . . destroy the 'probable cause' that would otherwise exist."), *abrogated on other grounds by Bloate v. United States*, 559 U.S. 196 (2010). Nor was the Fourth Amendment offended by the troopers' pretext for stopping Dennis's car, *see United States v. Lewis*, 672 F.3d 232, 237 (3d Cir. 2012) ("[P]retextual traffic stops supported by reasonable suspicion do not run afoul of the Fourth Amendment."), or the sixty minutes it took for the canine unit to arrive, *see Burton*, 288 F.3d at 101-02 (explaining that the temporary seizure of a vehicle for approximately forty-five minutes pending the arrival of a canine unit did not offend the Fourth Amendment).

IV.

Dennis also lacks adequate grounds to withdraw his guilty plea. In order for a guilty plea to be valid, it must represent "'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A criminal defendant may withdraw a guilty plea after the court accepts it, but before the court imposes a

sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

In determining whether the defendant has met this burden, a district court must consider three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citations omitted). With respect to the first factor, "[b]ald assertions of innocence are insufficient . . . . 'Assertions of innocence must be buttressed by facts in the record that support a claimed defense.'" *Id.* at 252 (quoting *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001)). When asserting his innocence, a defendant must also provide a sufficient explanation for the contradictory position he took at his guilty plea hearing. *Id.* at 253 (citing *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992), *superseded by statute on other grounds as stated in United States v. Roberson*, 194 F.3d 408, 417 (3d Cir. 1999)).

With respect to the first factor, the District Court concluded that Dennis failed to adequately assert his innocence because he could not buttress his bald assertion of innocence with facts from the record. At the plea withdrawal hearing, Dennis asserted his innocence by stating, "I'm not guilty of being in possession with the intent to distribute 500 grams of cocaine." Dennis attempted to support this assertion with two facts: (1) he was not in his car when the drugs were discovered and (2) he did not see the police remove the drugs from his car. Yet these meager details do not buttress his assertion of innocence—they merely describe the circumstances surrounding the search

7

of his car.  It is unremarkable that Dennis was not present when the drugs were discovered given that the search occurred after the police had impounded his car.[5] Moreover, Dennis has failed to explain the inconsistency between his present assertion of innocence and his earlier admissions of guilt.[6]

With respect to the second factor, the District Court concluded that Dennis's reasons for seeking to withdraw his guilty plea—that he was tricked, misled, and rushed into pleading guilty—were thoroughly contradicted by the record.  At the Rule 11 colloquy, the District Court stressed that the decision to plead guilty should not be made hastily and repeatedly offered to postpone the hearing so that Dennis could further contemplate his decision.  Yet Dennis insisted, "I'm ready. I'm ready."  Dennis also confirmed that he had sufficient time to confer with his lawyer and was satisfied with the advice he had received.  The District Court then carefully walked Dennis through the charges against him; the government's obligation to prove its case at trial if he decided to plead not guilty; the specific terms of the plea agreement, including the rights he would waive by agreeing to it; and the mandatory minimum sentence he faced.

The record clearly establishes that Dennis's decision to plead guilty was made voluntarily, knowingly, and with a full understanding of the consequences.  There is ample support for the District Court's conclusions that (1) Dennis failed to adequately

---

[5] If Dennis cited these facts to suggest that the police planted the cocaine in his car, his assertion of innocence remains unsupported.  Assertions of innocence in a motion to withdraw a guilty plea require support from facts in the record, not speculation.

[6] At the Rule 11 colloquy, Dennis agreed that the government's version of events "is what happened," and responded "yes" when asked by the District Court if he had intended to sell the cocaine found in his car.

assert his innocence and (2) his reasons for seeking withdrawal of his guilty plea lacked merit. Accordingly, the District Court did not abuse its discretion when it denied Dennis's motion to withdraw his guilty plea.[7]

## V.

For the foregoing reasons, we will affirm the rulings of the District Court denying Dennis's motions to suppress the evidence obtained from the search of his car and to withdraw his guilty plea.

---

[7] Because we find that the District Court did not abuse its discretion with respect to the first two factors, there is no need to consider the third factor—whether the government would be prejudiced by withdrawal. *Jones*, 336 F.3d at 255.