NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3242
_____

DALE SHAFFER,
Appellant

v.

CITY OF PITTSBURGH; NICHOLAS J. BOBBS, in his official and individual
capacities;
ANTONIO CIUMMO, in his official and individual capacities; JOHN and/or
JANE DOE,
in their official and individual capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-14-cv-01674
District Judge: The Honorable Joy Flowers Conti

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 17, 2016

Before: SMITH, HARDIMAN, and NYGAARD, *Circuit Judges*

(Filed: May 25, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

1

SMITH, *Circuit Judge.*

This case comes to us on appeal from the District Court's grant of Appellees'[1] motion to dismiss Appellant's suit alleging malicious prosecution, false arrest, false imprisonment, conspiracy to violate constitutional rights, and municipal liability under 42 U.S.C. § 1983, and intentional infliction of emotional distress under Pennsylvania law. The District Court agreed with the magistrate judge's report and recommendation and held that Appellant failed to allege sufficient facts to infer that probable cause to arrest did not exist, and thus all of his claims should be dismissed. For the reasons stated below, we will affirm.

## I.

On March 13, 2013, a PNC Bank branch in Pittsburgh, Pennsylvania, was robbed by an adult, Caucasian male wearing dark sunglasses. A female teller had direct contact with the robber, while two male employees had indirect observations of the robber. On March 14, the police department released a still photograph of the bank robber, and on that same day received a phone call from Appellant's mother claiming that Appellant was the robber. On March 15, the police placed Appellant's photograph in four different photo arrays and showed it to the three

---

[1] Appellees are the City of Pittsburgh, police officers Nicholas J. Bobbs and Antonio Ciummo, and John and/or Jane Does, two unknown supervisors in the City of Pittsburgh Police Department. The individual defendants have been sued in their individual and official capacities.

bank employees. The female employee was unable to identify anyone, whereas both male employees quickly identified Appellant as the robber. On March 26, the police officers showed Appellant's parole officer a still photograph from the robbery and asked whether the person identified in the photograph was the Appellant. The parole officer identified Appellant as the bank robber.

The next day, on March 27, the police officers applied for an arrest warrant. The affidavit of probable cause stated that on March 14 the police received a phone call from a person who provided the name of Appellant as the man who robbed the PNC Bank. The affidavit also gave a summary of each bank employee's description of the robbery using the name of the Appellant as the robber. Finally, it stated that Appellant "was put into a photo array and positively identified on March 15, 2013, as the male that robbed the bank." JA 62. The affidavit did not say that the phone call came from Appellant's mother and it did not include the parole officer's identification of Appellant. Appellant was arrested on the same day and charged with two counts of robbery. After a two-day trial, a jury found him not guilty on February 4, 2014.

Appellant filed suit. The District Court agreed with the magistrate judge's report and recommendation that Appellant's complaint contained insufficient factual allegations to plausibly infer that probable cause was lacking for

Appellant's arrest, and therefore granted Appellees' motion to dismiss all claims. Appellant's timely appeal followed.[2]

## II.

Appellant argues that the affidavit upon which the arrest warrant was based contained four material omissions that, if known to the magistrate judge who approved the arrest warrant, would have negated probable cause in this case. The four omissions alleged are: (1) that the female teller initially described the robber as having braces, which Appellant does not have; (2) that the female teller was unable to identify Appellant in the photo array; (3) that both male employees, who did identify Appellant in the photo array, only saw the robber for a few seconds and did not have direct contact with him; and (4) that the robber wore large sunglasses during the commission of the crime, which, combined with his long hair, made identification "extremely difficult."

The lack of probable cause is an element of each of Appellant's claims for relief. Thus, in order to survive a motion to dismiss, Appellant must adequately allege "(1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material,

---

[2] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

or necessary, to the finding of probable cause.'" *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)). Even assuming Appellees had the requisite state of mind, the omissions alleged are not "material," because if they were included in the affidavit, probable cause to arrest would still have existed.

In determining whether an omission is material, we reconstruct the affidavit and "insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." *Id.* at 789; *Reedy v. Evanson*, 615 F.3d 197, 215-16 (3d Cir. 2010). "Probable cause exists if there is a 'fair probability' that the person [has] committed the crime at issue." *Wilson*, 212 F.3d at 789. While "a positive identification by a victim witness, without more, would usually be sufficient to establish probable cause . . . . [i]ndependent exculpatory evidence or substantial evidence of the witness's own unreliability that is known by the arresting officers could outweigh the identification such that probable cause would not exist." *Id.* at 790.[3]

---

[3] The magistrate judge and District Court failed to apply our test for materiality as laid out in *Wilson* and reaffirmed in *Reedy v. Evanson*, 615 F.3d 197 (3d Cir. 2010), instead concluding that the potentially exculpatory evidence was not "fundamental" evidence that would completely exonerate the suspect. A quick read of *Wilson*, which similarly involved one witness being unable to identify the defendant in a photo array, would reveal that this was "the kind of thing the judge would wish to know." *Wilson v. Russo*, 212 F.3d 781,788 (3d Cir. 2000) (quoting *United States v. Jacobs*, 986 F.2d 1231, 1235 (8th Cir. 1993)). Thus, as in *Wilson*, the next step should have been a reconstruction of the affidavit. *Id.* at 789.

In *Wilson*, the Court was confronted with a similar situation: a photo array was shown to two witnesses, one of whom immediately selected the defendant as the perpetrator of the crime, while the other could not say with certainty that he recognized any of them. *Id.* at 785. The affidavit omitted: (1) a discrepancy between the investigating officer's conclusion that the robber was between 6'3" and 6'5" and the defendant's height of 5'11"; (2) the failure of one witness to pick the defendant out of the array; and (3) the fact that another witness saw the defendant at a different location when the defendant was purportedly at the scene of the crime. *Id.* at 788, 791. The Court "weigh[ed] the inculpatory evidence against any exculpatory evidence available to the officer" and then concluded that the exculpatory facts were "not strong enough to undermine a finding of probable cause." *Id.* at 791-92. Thus, this was within a class of cases where "a positive identification was not fatally undermined by unreliability or exculpatory evidence." *Id.* at 790.

Here, we have not one, but two positive identifications. The affidavit also noted the phone call in which the caller identified Appellant as the robber.[4] As in

---

[4] The affidavit failed to mention that the phone call came from Appellant's mother or that Appellant's parole officer also identified Appellant from a still photograph of the bank robbery. Appellant does not contest the magistrate judge and District Court's reliance on these identifications in this civil suit and only attacks their credibility. However, our review is limited to what was contained in the affidavit for probable cause that was submitted to a neutral magistrate in the criminal proceeding. *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001). Any inculpatory evidence that was not mentioned in the

*Wilson*, another witness, the female teller, was unable to provide an identification. She did *not* affirmatively identify someone else as the robber. *See id.* at 790 (noting that the case could turn out differently in such a scenario). When considering this omission in tandem with the other omissions alleged – the female teller initially describing the robber as having braces, the male employees only having a brief look at the robber, and the robber's face being obstructed by large sunglasses and long hair – their inclusion would not have altered the outcome of the magistrate judge's probable cause determination. These omissions may have been useful as impeachment evidence at trial to challenge the accuracy of the identifications, but they do not negate probable cause given the circumstances here, which requires only a "fair probability" that a suspect has committed a crime. *Id.* at 789.

Accordingly, because Appellant failed to allege facts sufficient to demonstrate that probable cause was lacking, and because the lack of probable

---

affidavit "was evidently not a part of [the police officers'] probable cause determination." *Reedy*, 615 F.3d at 221. Instead, when the arrest is done pursuant to a warrant, the probable cause determination must "be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Wilson*, 212 F.3d at 787 (quoting *Johnson v. United States*, 333 U.S. 10, 13-14 (1948)).

cause is an element of all six counts,[5] we will affirm the District Court's grant of

Appellees' motion to dismiss.

---

[5] Because we will affirm the District Court's decision that Appellant failed to allege facts sufficient to infer that probable cause did not exist, we need not address the other arguments raised by the parties.