# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2342

_____

United States of America,         *
        *
         Plaintiff-Appellant,    *
        *    Appeal from the United States
       v.                  *    District Court for the
        *    District of Nebraska.
Shannan D. Hatcher,          *
        *         [UNPUBLISHED]
         Defendant-Appellee.    *

_____

Submitted: October 16, 2001
Filed:  November 6, 2001

_____

Before BYE, BRIGHT, and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

Shannan Hatcher was a passenger in a vehicle that was stopped by Police Officer Jeffrey Gassaway for a loud, defective muffler. Officer Gassaway recognized Mr. Hatcher as an individual he had arrested on three previous occasions. The driver of the vehicle was unable to produce a licence, insurance information, or car registration. The driver and Mr. Hatcher gave conflicting stories when Officer Gassaway asked them where they were going. Officer Gassaway testified that Mr. Hatcher moved his hands in a way that caused the officer to be concerned about his safety. Officer Gassaway then drew his gun, pointed it at Mr. Hatcher and told him to put his hands on the dash and not move them. Officer Gassaway took the driver

from the vehicle and handcuffed him. The officer went around to the passenger side of the vehicle and took Mr. Hatcher from his seat and handcuffed him as well.

Officer Gassaway then called for back-up because he was the only officer on the scene. Two more officers arrived on the scene within minutes. Prior to the arrival of these two officers, Officer Gassaway patted Mr. Hatcher down for weapons. Officer Gassaway testified that as he came up under the legs into the groin area, Mr. Hatcher began to scream, state that he was being abused, and yell for help. Mr. Hatcher testified that Officer Gassaway yanked his pants and underwear up so that it forced him onto his toes. Mr. Hatcher explained that he yelled because it hurt. Officer Gassaway ceased the pat-down search at that point.

One of the two officers to respond to the call for back-up, Officer Saalfeld, testified that Officer Gassaway instructed both officers to hold Mr. Hatcher physically because Gassaway thought Mr. Hatcher had "narcotics hidden in his underwear." Officer Gassaway testified that he suspected Mr. Hatcher was concealing narcotics based on his experience with arresting individuals who conceal narcotics in their buttocks area. Next, Officer Gassaway did a quick pat-down search of the driver and then searched the vehicle. He uncovered nothing illegal.

At this point in the narrative chronology, certain facts become unclear. Officer Saalfeld testified that he asked Mr. Hatcher if he had any weapons or drugs on him while Officer Gassaway was searching the car. Officer Saalfeld testified that Mr. Hatcher stated that he had weed in his shoe. Mr. Hatcher testified that he did not make that statement. Following the vehicle search, Officer Saalfeld told Officer Gassaway of this alleged statement. None of the officers searched Mr. Hatcher's shoe to recover the marijuana.

Mr. Hatcher remained handcuffed throughout the entire time at the scene. He was never advised of his rights or that he was arrested. There was no dispute that Mr.

Hatcher was not free to leave. The driver was issued a citation at the scene and released. Mr. Hatcher was taken to a police station and strip searched. The officers uncovered marijuana in Mr. Hatcher's shoe and they found crack cocaine when Mr. Hatcher pulled down his boxer shorts.

Mr. Hatcher's motion to suppress was granted by the federal district court on the grounds that an arrest occurred when Officer Gassaway told the back-up officers that he suspected drugs and asked them to hold Mr. Hatcher until the search of the vehicle was completed. The court concluded that this arrest was not based on probable cause, but on the hunch of Officer Gassaway. The strip search of Mr. Hatcher was therefore not incident to arrest, and exceeded the protective search for weapons allowed under <u>Terry</u>. As such, the district court suppressed all fruits of the search.

Having reviewed the record and the district court's determination, we remand for clarification on two issues: (1) whether the district court credited the police officer's testimony that during Officer Gassaway's search of the vehicle at the scene, Mr. Hatcher stated he had marijuana in his shoe; and (2) if the district court did find the officer's testimony on this issue credible, was the statement made prior to the completion of the pat-down search that the government argues Officer Gassaway was unable to complete.

Accordingly, we remand to the district court and ask the court to make more specific findings on these issues. The district court can make the findings based on the present record, but may amplify the record if it wishes to do so. We retain jurisdiction over this matter. This matter should be expedited and the additional findings promptly certified to this court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.