# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2342

_____

United States of America,    &ast;
                             &ast;
          Plaintiff-Appellant,    &ast;
                             &ast;    Appeal from the United States
     v.                      &ast;    District Court for the
                             &ast;    District of Nebraska.
Shannan D. Hatcher,          &ast;
                             &ast;         [PUBLISHED]
          Defendant-Appellee.     &ast;

_____

Submitted: October 16, 2001
Filed:  December 26, 2001

_____

Before BYE, BRIGHT, and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

After being charged with one count of possession with intent to distribute cocaine base and with one count of forfeiture of United States currency, Shannan D. Hatcher moved to suppress all evidence and statements as fruits of his illegal arrest. The district court rejected the magistrate judge's report and recommendation and granted the defendant's motion to suppress. The United States appeals. We affirm.

Mr. Hatcher was a passenger in a vehicle stopped by Police Officer Jeffrey Gassaway for a loud, defective muffler. Officer Gassaway recognized Mr. Hatcher as an individual he had arrested on three previous occasions. The driver of the

vehicle was unable to produce a licence, insurance information or car registration. The driver and Mr. Hatcher gave conflicting stories when Officer Gassaway asked them where they were going. Officer Gassaway testified that Mr. Hatcher moved his hands in a way that caused the officer to be concerned about his safety. Officer Gassaway then drew his gun, pointed it at Mr. Hatcher and told him to put his hands on the dash and not move them. Officer Gassaway took the driver from the vehicle and handcuffed him. The officer went around to the passenger side of the vehicle and took Mr. Hatcher from his seat and handcuffed him as well.

Officer Gassaway then called for back-up because he was the only officer on the scene. Two more officers arrived on the scene within minutes. Prior to the arrival of these two officers, Officer Gassaway patted Mr. Hatcher down for weapons. Officer Gassaway testified that as he came up under the legs into the groin area, Mr. Hatcher began to scream, state that he was being abused, and yell for help. Mr. Hatcher testified that Officer Gassaway yanked his pants and underwear up so that it forced him onto his toes. Mr. Hatcher explained that he yelled because it hurt. Officer Gassaway ceased the pat-down search at that point.

One of the two officers to respond to the call for back-up, Officer Saalfeld, testified that Officer Gassaway instructed both officers to hold Mr. Hatcher physically because Gassaway thought Mr. Hatcher had "narcotics hidden in his underwear." Officer Gassaway testified that he suspected Mr. Hatcher was concealing narcotics based on his experience with arresting individuals who conceal narcotics in their buttocks area. Next, Officer Gassaway did a quick pat-down search of the driver and then searched the vehicle. He uncovered nothing illegal.

Officer Saalfeld testified that he asked Mr. Hatcher if he had any weapons or drugs on him while Officer Gassaway was searching the car. Officer Saalfeld testified that Mr. Hatcher stated that he had weed in his shoe. Mr. Hatcher testified that he did not make that statement. Following the vehicle search, Officer Saalfeld

claimed that he told Officer Gassaway of this alleged statement. However, none of the officers searched Mr. Hatcher's shoe to recover the marijuana. When Officer Saalfeld was asked why the marijuana was not retrieved, he said that Officer Gassaway had informed them that they might take Mr. Hatcher "down for a strip search" and he was waiting for further direction from Officer Gassaway.

Mr. Hatcher remained handcuffed throughout the entire time at the scene. He was never advised of his rights or that he was arrested. There was no dispute that Mr. Hatcher was not free to leave. The driver was issued a citation at the scene and released. Mr. Hatcher was taken to a police station and strip searched. The officers uncovered marijuana in Mr. Hatcher's shoe and they found crack cocaine when Mr. Hatcher pulled down his boxer shorts.

Officer Gassaway transported Mr. Hatcher to the central station for booking. Officer Gassaway testified that during the drive, Hatcher spontaneously stated that he had found the crack cocaine.

Mr. Hatcher's motion to suppress all evidence and statements was granted by the federal district court[1] on the grounds that an arrest occurred when Officer Gassaway told the back-up officers that he suspected drugs and asked them to hold Mr. Hatcher until the search of the vehicle was completed. The court concluded that this arrest was not based on probable cause, but on the hunch of Officer Gassaway. The decision to strip search Mr. Hatcher was therefore not incident to arrest, and exceeded the limited scope of a protective search for weapons allowed under Terry v. Ohio, 392 U.S. 1 (1968). As such, the district court suppressed all fruits of the search.

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

-3-

We remanded this matter to the district court, <u>United States v. Shannan D. Hatcher</u>, No. 01-2342, 2001 U.S. App. LEXIS 23882 (8th Cir. 2001) (unpublished), for clarification on two issues: (1) whether the district court credited the police officer's testimony that during Officer Gassaway's search of the vehicle at the scene, Mr. Hatcher stated he had marijuana in his shoe; and (2) if the district court did find the officer's testimony on this issue credible, was the statement made prior to the completion of the pat-down search that the government argues Officer Gassaway was unable to complete.

The district court certified findings to this panel on November 26, 2001. On the basis of the district court's prior order and these findings, we affirm the district court's order to suppress all evidence seized and any statements made pursuant to the unlawful arrest of Mr. Hatcher.

We review the district court's factual findings for clear error and we review the issue of whether a Fourth Amendment violation occurred *de novo*. <u>See</u> <u>United States v. Martinez</u>, 78 F.3d 399, 401 (8th Cir. 1996).

In its certified findings, the district court specifically found that Officer Gassaway had already decided to conduct a strip search prior to any statement allegedly made concerning marijuana in the shoe of the defendant. Additionally, the court found Hatcher did not make a statement regarding marijuana in his shoe at the scene of the arrest. The court based its conclusion on a careful review of the record and the fact that the government offered no credible explanation as to why the officers did not retrieve the marijuana from the defendant's shoe once he allegedly confessed that it contained marijuana.

The district court also found that Officer Gassaway had completed his pat-down search for weapons prior to the arrival of the back-up officers. As the court noted, Officer Gassaway was entitled to conduct a pat-down weapons search for

-4-

officer safety. <u>See</u> <u>Terry</u>, 392 U.S. at 26 (explaining that the pat-down search must be based on reasonable suspicion and must be strictly limited to a search for weapons).

If he had not completed his pat-down, as the government contends, Officer Gassaway could have instructed the back-up officers to complete the search or he could have done so himself after their arrival. Officer Gassaway's failure to do so indicates that the pat-down search for weapons had been completed. Any additional search thereafter was illegal. <u>See</u> <u>Sibron v. New York</u>, 392 U.S. 40, 65-66 (1968) (explaining that once the search goes beyond the protective search, it becomes invalid under <u>Terry</u> and all fruits will be suppressed). The district court found no factual basis in the record to support the contention that the pat-down was not complete and the government admits that the defendant was being held because Officer Gassaway suspected drugs.

The district court correctly applied the law in this case and carefully considered all the evidence. We affirm the suppression of the fruits of Mr. Hatcher's unlawful arrest.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-